# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO: S.H., A MINOR.

PETER J.H.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71898

FILED

MAR 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order terminating appellant's parental rights as to the minor child. Fifth Judicial District Court, Nye County; David R. Gamble, Senior Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include abandonment, neglect, parental unfitness, failure of parental adjustment, and risk of serious injury to the child if the child is returned to the parent. NRS 128.105(1)(b). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev. 914, 918, 337 P.3d 758, 761 (2014).

18-10328

Appellant argues that the district court and this court lack subject matter jurisdiction over this matter and that the district court violated his procedural due process rights. NRS Chapter 128 provides the district court with the authority to enter an order terminating parental rights when the grounds for termination have been established. *See* NRS 128.020 (providing that the district court has jurisdiction over all cases under NRS Chapter 128). Despite appellant's assertion that the Nevada Revised Statutes are unconstitutional as they do not accurately reflect the law in the State of Nevada, he fails to support this assertion with cogent argument or relevant legal authority. And NRS Chapter 128 does include the pertinent statutes governing the termination of parental rights in this State. *See* NRS 128.005. Additionally, respondent had standing to bring the underlying petition to terminate parental rights to protect the child's interest. *See* NRS 128.040 (providing that the state agency which provides child welfare services may file a petition to terminate parental rights). Lastly, because appellant had notice of the hearing and was present and able to present evidence at the hearing, his procedural due process rights were not violated.[1] *See Browning v. Dixon*, 114 Nev. 213, 217, 954 P.2d 741, 743 (1998) ("The fundamental requisite of due process is the opportunity to be heard.").

Next, we conclude that substantial evidence supports the district court's finding that the child was neglected, appellant is an unfit

---

[1]To the extent appellant's additional arguments are not addressed herein, we have considered them and conclude they lack merit.

Supreme Court
OF
Nevada

(O) 1947A

parent, and appellant poses a risk of serious injury to the child if the child were returned to his care.[2]  *See* NRS 128.105(1)(b); NRS 128.014(1) (explaining that a child is neglected when the child lacks "proper parental care by reason of the fault or habits of his or her parent"); NRS 128.018 (providing that a parent is unfit when "by reason of the parent's fault or habit or conduct toward the child or other persons, [the parent] fails to provide such child with proper care, guidance and support"). Appellant was convicted of voluntary manslaughter for killing his neighbor with a crossbow and a baseball bat. *See* NRS 128.106(1)(f) (requiring the court to consider a parent's felony conviction in determining neglect or unfitness "if the facts of the crime are of such a nature as to indicate the unfitness of the parent to provide adequate care and control to the extent necessary for the child's physical, mental or emotional health and development"). Additionally, the record demonstrates that appellant has unaddressed alcohol, mental health, and domestic violence issues that support the district court's finding that appellant would pose a risk to the child if the child was returned to his care.

Lastly, we conclude that substantial evidence supports the findings that termination of appellant's parental rights is in the child's best interest. *In re Parental Rights as to N.J.*, 125 Nev. 835, 843, 221 P.3d 1255,

---

[2]While appellant does not clearly challenge the district court's findings regarding parental fault and best interest, we address those findings to the extent his challenges could be construed as such. Additionally, because only one ground of parental fault is required to support the termination of parental rights, *see* NRS 128.105(1)(b) (requiring a finding of at least one ground of parental fault), it is unnecessary for us to review all of the district court's findings of parental fault.

1261 (2009) ("In determining what is in a child's best interest, the district court must consider the child's continuing need for 'proper physical, mental and emotional growth and development.'" (quoting NRS 128.005(2)(c))). The record demonstrates that the child was born while appellant was incarcerated and has thrived in her current placement, which is a potential adoptive home. For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Chief Judge, The Fifth Judicial District Court
Hon. David R. Gamble, Senior Judge
Hon. Kimberly A. Wanker, District Judge
Peter J.H.
Attorney General/Carson City
Attorney General/Las Vegas
Nye County Clerk

---

[3]We have reviewed the pro se documents filed in this matter and conclude that any relief requested therein is not warranted.